ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL VI

| | | |
|---|---|---|
| MARIMAR PÉREZ RIERA<br><br>Recurrida<br><br>v.<br><br>**CONSEJO DE TITULARES CONDOMINIO MARYMAR CONDADO**; JUNTA DE DIRECTORES CONDOMINIO MARYMAR CONDADO; J.O.G. ENGINEERING CORP.; JOSÉ O. GONZÁLEZ GARCÍA<br><br>Recurrente | TA2026RA00160 | *Revisión Administrativa,* procedente del Departamento de Asuntos del Consumidor<br><br><br>Núm. Querella:<br>C-SAN-2022-0011345<br><br><br>Sobre: Daños y Perjuicios (Ley de Condominios) |

Panel integrado por su presidenta, la Jueza Romero García[1], el Juez Monge Gómez y la Jueza Prats Palerm.

Prats Palerm, Jueza Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 5 de mayo de 2026.

Comparece el Consejo de Titulares del Condominio Marymar Condado ("Consejo de Titulares" o "Recurrente") mediante *Petición de Revisión de Decisión Administrativa* y nos solicitan que revisemos una *Resolución* emitida el 27 de enero de 2026, por el Departamento de Asuntos al Consumidor ("DACo" o "agencia recurrida"). En virtud del aludido dictamen, el DACo denegó una solicitud de desestimación instada por el Consejo de Titulares.

Por los fundamentos que proceden, se *desestima* el recurso de revisión administrativa, por falta de jurisdicción.

**I.**

El 18 de abril de 2022, Marimar Pérez Riera ("señora Pérez Riera"), en calidad de titular de un apartamento ubicado en el Condominio Marymar ("Condominio"), presentó ante el DACo una *Querella* sobre daños y perjuicios, al amparo de la Ley 129-2020, según enmendada, conocida como la *Ley de Condominios de Puerto Rico*, 31 LPRA sec. 1921 *et seq.*, en contra del Consejo de

---

[1] Mediante Orden Administrativa OATA-2026-045 de 5 de mayo de 2026, se designó a la Hon. Giselle Romero García en sustitución de Hon. Felipe Rivera Colón.

Titulares, su Junta de Directores, J.O.G. Engineering, Corp. y José O. González García. En síntesis, alegó que los techos y la pared comunal del Condominio presentan problemas de filtración ocasionados por los actos u omisiones de los coquerellados y debido a su falta de reparación, conservación y mantenimiento, entre otros. Sostuvo que, como consecuencia, su apartamento había sufrido daños continuos, desde el año 2016 hasta la presentación de la *Querella*. De manera particular, la señora Pérez Riera presentó las siguientes causas de acción:

> **Primera causa de acción** – Violación Art. 38D (i) de Ley de Condominios 104-1958, según enmendada, y al Art. 53(i) de Ley de Condominios 129-2020: Cumplir y hacer cumplir con los acuerdos del CT
>
> **Segunda causa de acción** – Art. 38D(a) de Ley de Condominios 104-1958, según enmendada y Art. 53(a) de Ley de Condominios, Ley 129-2020: Atender buen funcionamiento y vigilancia
>
> **Tercera causa de acción** – Art. 38D(g) de Ley de Condominios 104-1958, según enmendada y Art. 53(g) de Ley de Condominios, Ley 129-2020: Atender conservación y reparaciones dando inmediata cuenta
>
> **Cuarta causa de acción** – Violación al deber de propiciar el Disfrute de la Propiedad Privada
>
> **Quinta causa de acción** – Responsabilidad directa y vicaria del Consejo de Titulares
>
> **Sexta causa de acción** – Responsabilidad comercial y/o profesional de JOG Engineering por falta de personal, falta de acción o falta de advertencias a la JD o al CT y responsabilidad directa y/o profesional del ingeniero José O. González
>
> **Séptima causa de acción** – Mala Fe[2]

En virtud de lo anterior, solicitó los siguientes remedios:

1. Declare Con Lugar la presente Querella, y en su consecuencia:

2. Condene a las partes co-Querelladas, solidaria y mancomunadamente, al pago de todas las sumas reclamadas que ascienden a una cantidad no menor de $236,535.00, así como el pago de costas, gastos y una suma razonable por concepto de honorarios de abogado;

3. Conceda una suma de $25,000.00 por concepto de daños emocionales;

4. Dictamine que, según Artículo 42(e) de la Ley de Condominio y Sección 35 Reglamento número 6728 que la Querellante no tendrá que contribuir a los honorarios o gastos legales en que incurra la Junta de Directores o el Consejo de Titulares cuando la Querellante prevale[zca], y en su consecuencia;

5. Orden[e] que la junta de directores desglose los gastos legales atribuibles al caso de epígrafe y se los notifique a la Querellante inmediatamente.[3]

---

[2] Apéndice del recurso, Entrada Núm. 1, págs. 33-51
[3] Apéndice del recurso, Entrada Núm. 1, págs. 52-53.

Tras varias instancias procesales, el 8 de noviembre de 2022, el Consejo de Titulares presentó una *Moción de Desestimación por Ausencia de Jurisdicción*, la cual fue enmendada el día siguiente. Atinente a la controversia ante nos, sostuvo que la reclamación había sido presentada de manera tardía, ya que debía ser radicada dentro de un término de treinta (30) días. Expuso, además, que las alegadas omisiones imputadas a la Junta de Directores y/o el Consejo de Titulares no se encontraban dentro de sus obligaciones de administración. De otro lado, alegó que los contratistas que realizaron las obras de reparación y mantenimiento en el Condominio eran partes indispensables.

El 17 de noviembre de 2022, la señora Pérez Riera instó una *Oposición a Moción de Desestimación por Ausencia de Jurisdicción*. En cuanto al término prescriptivo, esbozó que los daños reclamados son de naturaleza continuada y que, a su vez, interrumpió extrajudicialmente el término. Sobre las alegaciones de la *Querella*, indicó que detalló violaciones a la Ley de Condominios, *supra*, así como múltiples actos u omisiones negligentes en los que incurrieron los querellados. Ante la falta de parte indispensable, sostuvo que, por su relación de autoridad con los contratistas, el Consejo de Titulares era responsable de manera directa, vicaria y solidaria por sus actos u omisiones.

Posteriormente, el 23 de abril de 2024, el Consejo de Titulares presentó una *Moción Solicitando Desestimación por Falta de Jurisdicción Sobre la Materia*. Adujeron que la señora Pérez Riera únicamente solicitaba una indemnización por concepto de daños y perjuicios al amparo del Código Civil. Señalaron que, cuando la acción va dirigida al resarcimiento de daños bajo el Art. 1536 del Código Civil, 31 LPRA sec. 10801, el foro con jurisdicción es el Tribunal de Primera Instancia ("TPI").

El 16 de mayo de 2024, la señora Pérez Riera notificó una *Oposición a ´Moción Solicitando Desestimación por Falta de Jurisdicción Sobre la Materia´*. En síntesis, sostuvo que el DACo posee jurisdicción primaria y exclusiva para atender toda controversia relacionada a las acciones u omisiones de la Junta de Directores. Siendo así, manifestó que presentó una reclamación debido a los daños sufridos como resultado de los actos *ultra vires* de la Junta de Directores

y su negligencia en el desempeño de sus funciones. A su vez, expresó que reclamaba en contra del Consejo de Titulares por presuntamente ignorar recomendaciones para realizar las obras necesarias. Por tanto, arguyó que, conforme a la Ley de Condominios, el DACo posee jurisdicción para resolver la controversia.

El 20 de mayo de 2024, JOG Engineering y el Ing. González García, radicaron una *Solicitud de Desestimación por Falta de Jurisdicción*. En lo aquí pertinente, reiteraron que el foro con jurisdicción primaria para atender una reclamación de daños era el TPI, no el DACo.

El 9 de julio de 2025, el Consejo de Titulares instó una *Moción Enmienda a las Solicitudes de Desestimación Total o Parcial*. Entre otras, señaló que, desde el 8 de agosto de 2024, los directores querellados no habían comparecido al procedimiento. Como consecuencia, solicitó que el DACo se cerciorara de que estuvieran siendo notificados conforme al debido proceso de ley. Además, arguyó que el DACo no tiene jurisdicción sobre la reclamación en contra de los antiguos miembros de la Junta de Directores. Precisó que, los antiguos directores, al momento de la radicación, eran meros titulares. Por tanto, razonó que las reclamaciones entre titulares debían ser presentadas ante el TPI.

El 12 de enero de 2026, el DACo emitió una *Notificación y Orden* mediante la cual, entre otras, les ordenó a las partes presentar un desglose de las mociones pendientes por adjudicar. Aquilatadas las solicitudes de desestimación pendientes, el 27 de enero de 2026, el DACo emitió una *Segunda Notificación y Orden* en virtud de la cual declaró No Ha Lugar las mociones presentadas el 8 de noviembre de 2022 y 9 de noviembre de 2022. Además, declaró No Ha Lugar, en esta etapa de los procedimientos, las solicitudes instadas el 23 de abril de 2024 y 9 de julio de 2025. A su vez, dispuso que estaría señalando una vista administrativa para discutir los méritos de la *Querella*.

Inconforme, el 16 de febrero de 2026, el Consejo de Titulares instó una *Moción en Solicitud de Reconsideración*, la cual no fue atendida por el DACo. Insatisfecho aún, el 6 de abril de 2026, el Consejo de Titulares acudió ante esta

Curia mediante *Petición de Revisión de Decisión Administrativa* en la cual señaló

los siguientes errores:

> **Erró el Honorable Departamento al declarar No Ha Lugar las mociones de desestimación presentadas y así, encontrando al DACO con jurisdicción sobre la materia de daños, jurisdicción sobre la persona de titulares privados que no son directores, falta de notificación del debido proceso de Ley sobre los directores, partes indispensables, prescripción extintiva y negativa a adjudicar el grado de negligencia de los directores, si alguno.**

> **Erró el Honorable Departamento al no atender la solicitud de determinaciones de hechos y conclusiones de derecho al desestimar las mociones de desestimación. Regla 26 de Procedimiento Adjudicativo del DACO, Regla 42.2 de Procedimiento Civil (32 L.P.R.A. Ap. V, R. 42.2).**

El 28 de abril de 2026, la parte recurrida notificó una *Moción Urgente Solicitando (1) Apercibimiento y Sanciones por Incumplimiento de la Carta de Trámite del 7 de abril de 2026; (2) Determinación de que la Junta de Directores y los Titulares Individuales Carecen de Legitimación Procesal por Ley del Caso y por Actos Propios del propio Consejo; (3) Desglose del Apéndice de todo Escrito Suscrito por el Lcdo. Homel Mercado en Representación de "Personas Naturales", y Se Tenga por No Puesta Cualquier Referencia a ello; y (4) Desglose de Gastos de Representación Legal de "Personas Naturales" e Imposición de Honorarios por Temeridad*, la cual fue denegada en igual fecha. Así, pues, el 2 de mayo de 2026, la parte recurrida notificó su *Oposición a Revisión Judicial y Solicitud de Desestimación*. Perfeccionado el recurso y contando con el beneficio de la comparecencia de las partes, nos encontramos en posición de resolver.

## II.

### -A-

La Sección 4.1 de la Ley Núm. 38-2017, Ley de Procedimiento Administrativo Uniforme del Gobierno de Puerto Rico ("LPAU"), 3 LPRA sec. 9671, dispone que las decisiones administrativas pueden ser revisadas por el Tribunal de Apelaciones. Como cuestión de derecho, la revisión judicial solo procederá sobre las decisiones, órdenes y resoluciones finales de los organismos o las agencias administrativas. *Íd.* La finalidad de esta disposición es delimitar la discreción de los organismos administrativos para asegurar que estos ejerzan

sus funciones conforme a la ley y de forma razonable. *Hernández Feliciano v. Mun. Quebradillas,* 211 DPR 96, 113-114 (2023).

No obstante, la Sección 4.3 de la LPAU, 3 LPRA sec., 9673, dispone que el tribunal podrá relevar a un peticionario de tener que agotar los remedios administrativos bajo los siguientes escenarios: (1) cuando el remedio sea inadecuado; (2) cuando agotar el remedio resultaría en un daño irreparable; (3) cuando se alegue la violación sustancial de derechos constitucionales; (4) cuando agotar los remedios resulte inútil por la dilación excesiva en los procedimientos; (5) cuando sea un caso claro de falta de jurisdicción de la agencia; o (6) cuando sea un asunto estrictamente de derecho y, por ende, la pericia administrativa no sea necesaria.

**-B-**

En reiteradas ocasiones, nuestra Máxima Curia ha manifestado que la jurisdicción es el poder o la autoridad que tiene un tribunal para considerar y decidir casos o controversias. Así, nuestro Tribunal Supremo ha reafirmado que los tribunales debemos ser celosos guardianes de nuestra jurisdicción, por lo que los asuntos relacionados con esta son privilegiados y deben atenderse de manera preferente. *Ruiz Camilo v. Trafon Group, Inc.,* 200 DPR 254, 268 (2018). Consecuentemente, es deber ministerial de todo tribunal, cuestionada su jurisdicción por alguna de las partes o incluso cuando no haya sido planteado por estas, examinar y evaluar con rigurosidad el asunto jurisdiccional, pues este incide directamente sobre el poder mismo para adjudicar una controversia. *Íd.*

Por consiguiente, si un tribunal, luego de realizado el análisis, entiende que no tiene jurisdicción sobre un recurso, sólo tiene autoridad para así declararlo. De hacer dicha determinación de carencia de jurisdicción, el tribunal debe desestimar la reclamación ante sí sin entrar en sus méritos. Lo anterior, basado en la premisa de que, si un tribunal dicta sentencia sin tener jurisdicción, su decreto será jurídicamente inexistente o *ultravires. Cordero et al. v. ARPe et al.,* 187 DPR 445, 447 (2012).

Cónsono con lo anterior, la Regla 83 del Reglamento del Tribunal de Apelaciones le confiere a este Tribunal la facultad, por iniciativa propia o a

petición de parte, de desestimar un recurso de apelación o denegar un auto discrecional cuando este foro carece de jurisdicción. Regla 83 del Reglamento del Tribunal de Apelaciones, según enmendada, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, págs. 116-117, 215 DPR __ (2025).

**-C-**

La Ley de Condominios, *supra*, regula los mecanismos habidos para la tramitación de controversias que emergen dentro de la convivencia en una comunidad bajo el régimen de propiedad horizontal. *Consejo de Titulares v. Gómez Estremera*, 184 DPR 407, 417 (2012). A esos efectos, el Artículo 65 de dicho cuerpo estatutario, 31 LPRA sec.1923j, expresa las instancias en las que el DACo o el Tribunal tienen jurisdicción sobre un asunto entre titulares y la junta de directores. En específico, el aludido artículo consagra lo siguiente:

> Las acciones u omisiones de la Junta de Directores, del Administrador Interino, del Agente Administrador así como los acuerdos del Consejo de Titulares podrán ser impugnados por los titulares en los siguientes supuestos:
>
> a) cuando sean contrarios a esta Ley, la escritura matriz y reglamento del condominio;
> b) cuando resulten gravemente perjudiciales a los intereses de la comunidad o a un titular;
> c) cuando resulten gravemente perjudiciales para algún titular que no tenga obligación jurídica para soportarlo y no haya sido previsible al momento de la compra.
>
> Los titulares que sean dueños de apartamentos en condominios que sean dedicados exclusivamente a uso comercial, tendrán que presentar la impugnación ante el Tribunal de Primera Instancia, el cual tendrá jurisdicción primaria y exclusiva. **En el caso de los titulares sean dueños de apartamentos en condominios con al menos un apartamento de uso residencial, la jurisdicción será primaria y exclusiva del Departamento de Asuntos del Consumidor**, así como cualquier reclamación presentada en contra del agente administrador.
>
> [...]. *Íd.*

Es decir, la Ley de Condominios, *supra*, le delegó al DACo la jurisdicción primaria exclusiva sobre aquellas reclamaciones incoadas por titulares en las cuales se le impute una acción u omisión a la Junta de condómines, al Administrador interino, al agente administrador o al consejo de titulares del edificio sometido al régimen de propiedad horizontal. Asimismo, le confirió

jurisdicción exclusiva para entender en acciones de impugnación de los acuerdos del Consejo de Titulares, de las determinaciones, actuaciones u omisiones del Director o de la Junta de Directores, relacionadas con la administración de inmuebles que comprendan por lo menos un apartamento destinado a vivienda. *Consejo de Titulares v. Gómez Estremera, supra*, pág. 420.

Ahora bien, dicha jurisdicción no se extiende a toda causa de acción que pueda surgir en un condominio sometido al régimen de propiedad horizontal. *Ayala Hernández v. Consejo de Titulares*, 190 DPR 547, 569 (2014). El Tribunal Supremo ha explicado que, cuando la acción se trate de una cuestión estrictamente de derecho que no requiere el peritaje del DACo, el Tribunal de Primera Instancia tendrá la prerrogativa para adjudicar la misma. *Consejo de Titulares v. Gómez Estremera, supra*, pág. 431. En lo aquí pertinente, también se ha resuelto que, cuando la acción vaya dirigida al resarcimiento de daños, "el foro con jurisdicción es el Tribunal de Primera Instancia". *Íd.*, págs. 431-432.

En cuanto al término para impugnar las acciones u omisiones de la Junta de Directores o del Administrador, así como los acuerdos y determinaciones del Consejo de Titulates, el Art. 65 de la Ley de Condominios, *supra*, establece lo siguiente:

[...]

Para todo tipo de impugnación se tendrán treinta (30) días contados a partir de la fecha en que se tomó dicho acuerdo o determinación, si se hizo en su presencia, o dentro de los treinta (30) días siguientes a la fecha en que recibe la notificación del acuerdo, si el titular afectado no estuvo presente en el momento en que se llegó a tal acuerdo o determinación.

En el caso de que la acción de impugnación de acuerdos, acciones u omisiones de la Junta de Directores, del Administrador Interino, del Agente Administrador o del Consejo de Titulares, constituyan violaciones a las disposiciones de esta Ley, de la escritura matriz o del reglamento del condominio, prescribirá a los dos (2) años. El término se computará a partir de la fecha en que se tomó la acción, omisión o acuerdo si fue en la presencia del titular o a partir de la notificación de este si no fue en su presencia. El acuerdo tiene que haberse notificado conforme a las disposiciones de esta Ley.

[...]

**-D-**

Una parte indispensable es aquella persona cuyos derechos e intereses podrían quedar destruidos o inevitablemente afectados por una sentencia

dictada en su ausencia. *Pérez Ríos et al. v. CPE,* 213 DPR 203, 213 (2023). El interés de la parte en el litigio debe ser de "[...] tal orden que impida la confección de un derecho adecuado sin afectarle o destruirle radicalmente sus derechos". *Pérez Rosa v. Morales Rosado,* 172 DPR 216, 223 (2007). Ello, persigue el propósito de proteger a la persona ausente de los posibles efectos perjudiciales de un dictamen judicial y evitar la multiplicidad de pleitos. *Pérez Ríos et al. v. CPE, supra,* pág. 213.

Al determinar si una persona es una parte indispensable en un pleito, se requiere un enfoque pragmático e individualizado, a tenor con las particularidades de cada caso. *García Colón et al. v. Sucn. González,* 178 DPR 527, 549 (2010). En ese sentido, el tribunal deberá evaluar los intereses envueltos y distinguir entre los diversos géneros de casos. *Deliz et als. v. Igartúa et als.,* 158 DPR 403, 434 (2003). Cónsono con lo anterior, se "exige una evaluación jurídica de factores tales como tiempo, lugar, modo, alegaciones, prueba, clase de derechos, intereses en conflicto, resultado y formalidad". *Íd.,* citando a *Sánchez Encarnación v. Sánchez Brunet,* 154 DPR 645, 678 (2001). Además, deberá examinar si el tribunal "*podrá hacer justicia y conceder un remedio final y completo sin afectar los intereses del ausente*". *Pérez Rosa v. Morales Rosado, supra,* pág. 223. Una vez se concluya que una parte es indispensable, el pleito no podrá adjudicarse sin su presencia. *Pérez Ríos et al. v. CPE., supra,* pág. 213.

Ahora bien, "[l]a omisión de incluir a una parte indispensable incide sobre el debido proceso de ley que cobija al ausente". *Colón Negrón et al. v. Mun. Bayamón,* 192 DPR 499, 511 (2015). Por tanto, la acumulación de una parte indispensable surge de dos principios fundamentales: (1) garantizar la protección constitucional de que una persona no sea privada de la libertad y propiedad sin un debido proceso de ley, y (2) la necesidad de que el decreto judicial emitido sea completo. *López García v. López García,* 200 DPR 50, 64 (2018).

Por ello, nuestro Tribunal Supremo ha expresado que "[a]nte la ausencia de una parte indispensable, el tribunal carece de jurisdicción para resolver la

controversia". *Bonilla Ramos v. Dávila Medina,* 185 DPR 667, 677-678 (2012). Al incidir tal ausencia sobre la jurisdicción del tribunal, deberá entonces desestimarse la acción. *Íd.,* pág. 678. No obstante, dicha desestimación no tiene el efecto de una adjudicación en los méritos ni de cosa juzgada. *Pérez Rosa v. Morales Rosado,* 172 DPR 216, 224 (2007).

### III.

De entrada, nos corresponde auscultar si ostentamos jurisdicción para atender el recurso de revisión administrativa. Como norma general, esta Curia no posee jurisdicción para revisar las órdenes o resoluciones interlocutorias de las agencias. Sección 4.2 de la LPAU, *supra.* A manera de excepción, podemos asumir jurisdicción cuando, entre otras, se trate sobre una clara falta de jurisdicción o cuando nos encontremos ante una violación de derechos constitucionales. Por tanto, el recurso ante nuestra consideración requiere que determinemos si, en este caso, se configura alguna de las excepciones reconocidas por nuestro ordenamiento que nos permita intervenir con el trámite administrativo en esta etapa de los procedimientos.

La parte recurrente nos solicita que revisemos una determinación interlocutoria mediante la cual el DACo denegó múltiples solicitudes de desestimación. Arguye que la agencia recurrida carece de jurisdicción por los siguientes fundamentos: (1) falta de jurisdicción sobre la materia; (2) falta de partes indispensables; (3) falta de notificación adecuada a la Junta de Directores; y; (4) prescripción extintiva. Expuso, además, que erró al no atender la solicitud de determinaciones de hechos y conclusiones de derecho adicionales.

En primer lugar, surge del expediente que la *Querella* contiene siete (7) causas de acción distintas. Por un lado, el recurrente reitera que el foro con jurisdicción es el TPI, ya que la reclamación va dirigida, de manera exclusiva, al resarcimiento de daños, al amparo del Art. 1536 del Código Civil. De otro lado, la recurrida sostiene que, a pesar de que solicitó una indemnización por concepto de daños, la jurisdicción le compete al DACo, debido a que los alegados daños surgen en virtud de la Ley de Condominios, *supra.* Ante ello, el DACo deberá delimitar los méritos de la controversia.

En segundo lugar, le corresponderá al DACo, en su momento, determinar si los daños alegados son continuos o si la recurrida interrumpió el término prescriptivo.

En tercer lugar, no se desprende con claridad que el DACo haya incurrido en una clara falta de jurisdicción, al continuar con los procedimientos, a pesar de que los contratistas que realizaron las obras y los antiguos directores de la Junta no forman parte del pleito.

En cuarto lugar, y por último, advertimos que la controversia relacionada a la presunta falta de notificación de la Junta de Directores fue resuelta por un Panel Hermano mediante el recurso clasificado alfanuméricamente como TA2025AP00379. A través de la Sentencia emitida el 27 de octubre de 2025, la cual advino final y firme, esta Curia dispuso que "no se configuró defecto de notificación ni violación alguna al debido proceso de ley".

Conforme a lo anterior, en esta etapa de los procedimientos, la falta de jurisdicción del DACo no surge claramente. Debido a que no se configuran ninguno de los escenarios bajo los cuales esta Curia pueda intervenir con las determinaciones de carácter interlocutorio emitidas por una agencia u organismo administrativo, nos vemos impedidos de asumir jurisdicción para atender el recurso de revisión administrativa.

**IV.**

Por los fundamentos que anteceden, se *desestima* el recurso de revisión administrativa, por falta de jurisdicción.

Lo acordó el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones